IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CR-13-BR-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| CHRISTOPHER JAMEL ANDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives. Defendant presented no witnesses, although his counsel proffered some information. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial. The government's motion is therefore GRANTED.

### Background

Defendant was indicted on 13 January 2011 for the following offenses alleged to have occurred on or about 9 April 2010: felon in possession of a firearm (*i.e.*, a .45 caliber semi-automatic handgun) and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924 (ct. 1); and possession of a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924 (ct. 2). The testimony of the government's witness at the hearing showed that the charges relate to defendant's unauthorized entry into the residence of his former girlfriend on the alleged offense date, apparently

using a key he had made from one the former girlfriend had given him and subsequently taken back. He pointed a loaded .45 caliber pistol at the former girlfriend and the male seated next to her on the couch where defendant found them. Defendant made a verbal threat to kill the other male. While defendant was arguing with the male, the former girlfriend called 911. Defendant fled to the residence of a neighbor, whom defense counsel proffered defendant knew; left the pistol in an area in the neighbor's home within reach of the 10-year old child who lived there; and left the residence. He was arrested outside. Police obtained a statement from the former girlfriend and the male whom she was with. Defendant was arrested on state charges and released on bond. At the time of the alleged offense, he had been convicted of two felonies.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offenses charged; the circumstances of the offenses charged, including defendant's unauthorized entry into his former girlfriend's residence and the neighbor's residence, his brandishing of the firearm, the loaded status of the firearm, his verbal threat to kill the other male in the residence, and his flight from the scene when he realized the police were on the way; defendant's criminal record, including a felony conviction for sale or delivery of cocaine, a felony conviction for accessory after the fact to murder, two misdemeanor convictions for assault, two misdemeanor convictions for resisting a police officer, three other misdemeanor convictions, two probation revocations, and commission of the felony drug offense eight days after being placed on state probation; and, as indicated, the other findings and reasons stated in open court.

2

Case 5:11-cr-00013-BR   Document 15   Filed 03/11/11   Page 2 of 3

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence. For example, although defendant is pursuing his education, his schooling has not deterred him from criminal conduct: the alleged offense conduct occurred while he was in school. In addition, the fact that there are no known violations by defendant of his pretrial release on the related state charges does not establish that his release by this court would be reasonable given the other considerations in the record militating against release. For example, the period covered by his release is less than a year, whereas his participation in criminal conduct has spanned 27 years and entails two probation revocations and commission of a felony days after being placed on probation. While many of defendant's convictions are admittedly old, the continuation of criminal conduct through April 2010, as alleged in the indictment, shows an ongoing disregard for the law.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 10th day of March 2011.

James E. Gates
United States Magistrate Judge

3

Case 5:11-cr-00013-BR   Document 15   Filed 03/11/11   Page 3 of 3